Joyce H. GUNTER, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 01–3151.

United States Court of Appeals,
Federal Circuit.

July 16, 2001.

Before NEWMAN, Circuit Judge,
FRIEDMAN, Senior Circuit Judge, and
GAJARSA, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Joyce H. Gunter appeals the decision of
the Merit Systems Protection Board af-
firming denial of her application for dis-
ability retirement benefits.[1] We *affirm*
the Board's decision.

## BACKGROUND

Ms. Gunter had been employed as an
Office Automation Clerk, GS–326–04, with
the Department of Agriculture, in Bronx,
New York. Her position required typing
and word processing. Ms. Gunter notified
her supervisor on August 7, 1995 that she
could no longer perform her responsibili-

---

1. *Gunter v. Off. of Pers. Mgmt.*, No.
NY831E000188–I–1 (Merit Sys. Prot. Bd. Dec.
19, 2000).

ties because of wrist pain that she believed resulted from repetitive use of the computer keyboard. Ms. Gunter received Workers' Compensation benefits, and worked periodically until September 1996, when she ceased working. Several physicians examined Ms. Gunter between September 1996 and 1998. The agency tried to accommodate Ms. Gunter's disability, and by letter dated May 12, 1999 the agency offered Ms. Gunter a modified position that was intended to be consistent with the physical restrictions specified by her doctors. The modified position eliminated the need to use the keyboard, by using voice-recognition software, and carried the same salary and grade. Ms. Gunter refused the position, stating that her condition "has deteriorated" and that she was in "continuous pain."

On July 12, 1999 Ms. Gunter resigned, stating that her medical condition prevented her from performing her duties. She filed an application for disability retirement. The Office of Personnel Management denied her claim after determining that the medical evidence did not support the claim of continuous pain. OPM observed that Ms. Gunter refused the agency's reasonable accommodation through the modified position.

Ms. Gunter appealed to the Board. The administrative judge (AJ) disagreed with OPM's determination that she had failed to establish a disabling condition. Specifically, the AJ found that Ms. Gunter established that she is "disabled based on the medical condition of right wrist tendinitis" and that because of this condition she was "unable to render useful and efficient service in her former position." However, the AJ also found that the modified position would have accommodated Ms. Gunter's limitations, and on this ground affirmed OPM's denial of disability retirement benefits.

Ms. Gunter appealed to the full Board, stating that she had not been advised of her right to counsel, that she had not been fully advised of her right to a personal hearing and had "naively" agreed to a telephonic hearing, and that the AJ failed to assist her in the development and securing of medical evidence. The Board denied the petition, stating that no new, previously unavailable, evidence had been submitted, and not commenting on the grounds raised by Ms. Gunter.

## DISCUSSION

■ Our appellate review is limited to determining whether there was a substantial departure from important procedural rights, a misconstruction of the governing legislation, or other error "going to the heart of the administrative action." *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed.Cir.1995) (citing *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)). We do not review the "factual underpinnings" of the asserted disability. *Lindahl,* 470 U.S. at 791.

■ Ms. Gunter raises the issue of whether the AJ denied her due process by its telephonic procedures. While the Board has held that an appellant cannot be compelled to accept a telephonic hearing, *Lowe v. Dep't of Defense,* 67 M.S.P.R. 97, 99–100 (1995), we discern no breach of due process in a telephonic hearing to which the party agreed and for which prejudice has not been shown. *In re Bailey,* 182 F.3d 860, 871 (Fed.Cir.1999). Ms. Gunter has not stated how the telephonic hearing prejudiced her claim. We discern no substantial departure from important procedural rights on this ground.